UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON
CIVIL ACTION NO.: 6:25-CV-00055-KKC
*ELECTRONICALLY FILED*

BILLY GAVIN FUGATE AND
MARTHA SIZEMORE					PLAINTIFFS

V.

CITY OF HAZARD D/B/A HAZARD
POLICE DEPARTMENT, DARREN WILLIAMS
IN HIS OFFICIAL AND INDIVIDUAL CAPACITY
AND TYLER PIGMAN IN HIS OFFICIAL CAPACITY		DEFENDANTS

## ANSWER

Comes now the Defendant, Darren Williams, in his individual capacity, by and through counsel, and for his separate Answer to the Plaintiff' Complaint states as follows:

### FIRST DEFENSE

That the Plaintiffs' Complaint fails to state a cause of action against the Answering Defendant for which the requested relief can be granted and therefore the same must be dismissed in whole or in part.

### SECOND DEFENSE

That at all times referenced herein, the Answering Defendant's actions were reasonable, proper, justified, lawful and undertaken in good faith without any wrongful intent, impact of effect.

**THIRD DEFENSE**

That the Plaintiffs' claims are barred in whole or in part as a result of the doctrine of waiver and/or latches.

**FOURTH DEFENSE**

That the Plaintiffs' damages as alleged in their Complaint, or their injuries and/or damages were caused as a result of the act or omission of a third party over whom the Defendant had no control and for whose actions or omissions the Defendant is neither liable nor responsible to the Plaintiffs.

**FIFTH DEFENSE**

That the Answering Defendant states that the claims of the Plaintiffs against the Defendant in his individual or official capacity are barred by the operations of the doctrine of official immunity, legislative immunity, good faith immunity and/or qualified official immunity.

**SIXTH DEFENSE**

That the Answering Defendant states that as a public officer, he is responsible only for his own malfeasance and negligence, if any, and is not responsible for the negligence of those employed by them if they have employed persons of suitable skill and training.

**SEVENTH DEFENSE**

That the Plaintiffs are barred from recovery herein either in whole or in part by reason of the comparative fault of the Plaintiffs.

**EIGHTH DEFENSE**

That the claims of the Plaintiffs are barred in whole or in part by reason of their failure to mitigate damages.

**NINTH DEFENSE**

That the Plaintiffs injuries, if any, were the result of an intervening and/or superseding cause for which the Answering Defendant is not responsible.

**TENTH DEFENSE**

To avoid a waiver, the Answering Defendant asserts all other affirmative defenses set forth in Civil Rule 8.3 as if the same were set out at length herein.

**ELEVENTH DEFENSE**

That part and/or all of the Plaintiffs' claims may be barred by sovereign and/or governmental immunity, by statute, such as but not solely limited to the Claims Against Local Governments Act in KRS Chapter 65 and/or the immunity set forth under the eleventh amendment to the United States Constitution.

**TWELFTH DEFENSE**

That the conduct alleged by the Plaintiffs related to the Answering Defendant was neither the proximate cause of, nor a substantial factor in causing the injury or damages, if any occurred, alleged in the Plaintiffs' Complaint.

## **THIRTEENTH DEFENSE**

1. That the Answering Defendant is without sufficient knowledge or information in which to admit the allegations contained in numerical paragraphs 1 and 2 of the Plaintiffs' Complaint but has no reason to deny the same at this time.

2. That the Answering Defendant admits the allegations contained in numerical paragraphs 3, 4, 5, 6, 7 and 8 of the Plaintiffs' Complaint.

3. That the Answering Defendant is without sufficient knowledge or information in which to admit the allegations contained in numerical paragraphs 9, 10, 11, 12 and 13 of the Plaintiffs' Complaint and therefore denies the same at this time.

4. That the Answering Defendant admits that on or about March 30, 2024, in Hazard, Perry County, Kentucky the Plaintiff, Billy Gavin Fugate, was arrested for various charges but the Defendant is without sufficient knowledge or information in which to admit the remaining allegations contained in numerical paragraphs 14 and 15 of the Plaintiffs' Complaint and therefore denies the same.

5. That the Answering Defendant admits that when he arrived on the scene, Sizemore, Fugate and other individuals were sitting on a porch on Main Street in Hazard, Kentucky and is without sufficient knowledge or information in which to admit the remaining allegations contained in numerical paragraph 16 of the Plaintiffs' Complaint.

6. That the Answering Defendant denies the allegations contained in numerical paragraph 17 of the Plaintiffs' Complaint.

7. That the Answering Defendant admits the allegations contained in numerical paragraph 18 of the Plaintiffs' Complaint.

8. That the Answering Defendant admits that he responded to a call for 911 assistance made by Spurlock and was dressed in street clothes and while in his unmarked police vehicle with his emergency lights activated and denies the remaining allegations contained in numerical paragraph 19 of the Plaintiffs' Complaint.

9. That the Answering Defendant states that when he arrived on the scene, Spurlock was parked in the roadway and upon arriving, the Answering Defendant spoke with Spurlock concerning his complaint.

10. That the Answering Defendant admits the allegations contained in numerical paragraph 21 of the Plaintiffs' Complaint and would add that the Plaintiff, Fugate, was seated on a bench with a machete under him.

11. That the Answering Defendant denies the allegations contained in numerical paragraph 22 of the Plaintiffs' Complaint.

12. That the Answering Defendant admits the allegations contained in numerical paragraph 23 of the Plaintiffs' Complaint and further admits that he showed his badge to Fugate.

13. That the Answering Defendant admits that a gentlemen purporting to be Fugate's father requested that Williams hold his badge closer because of his eyes sight to which the Answering Defendant states that he held the badge closer to the gentleman's face and told the gentleman not to reach for or touch the badge and denies the remaining allegations contained in numerical paragraph 24 of the Plaintiffs' Complaint.

14. That the Answering Defendant admits the allegations contained in numerical paragraph 25 of the Plaintiffs' Complaint.

15. That the Answering Defendant is without sufficient knowledge or information in which to admit the allegations contained in numerical paragraphs 26 and 27 of the Plaintiffs' Complaint but has no reason to deny the same at this time.

16. That the Answering Defendant denies the allegations contained in numerical paragraphs 28, 29, 30 and 31 of the Plaintiffs' Complaint.

17. That the Answering Defendant admits that Sizemore appeared to be recording the incident with her cellphone and denies the remaining allegations contained in numerical paragraph 32 of the Plaintiffs' Complaint.

18. That the Answering Defendant admits that Sizemore began yelling and cussing Williams stating something to the effect that "he didn't do nothing."

19. That the Answering Defendant states that at the time of the incident, the Answering Defendant did not see Pigman draw his service taser but did see a picture purporting to represent the same attached to the Plaintiffs' Complaint.

20. That the Answering Defendant denies the Plaintiffs' summary of the depictions contained in the photograph attached as part of paragraph 35 of the Plaintiffs' Complaint and states that the photograph speaks for itself.

21. That the Answering Defendant denies the allegations contained in numerical paragraphs 36 and 37 of the Plaintiffs' Complaint.

22. That the Answering Defendant is without sufficient knowledge or information in which to admit the Plaintiffs' allegations as to the conduct of Pigman as the same is alleged in paragraph 38 of the Plaintiffs' Complaint and therefore denies the same at this time.

23. That the Answering Defendant admits that the written policies and procedures of the Hazard Police Department prohibit the use of profanity and the Answering Defendant

denies the remaining allegations contained in numerical paragraph 39 of the Plaintiffs' Complaint.

24. That the Answering Defendant is without sufficient knowledge or information in which to admit the allegations contained in numerical paragraphs 40 and 41 of the Plaintiffs' Complaint and therefore denies the same at this time.

25. That the Answering Defendant admits the allegations contained in numerical paragraph 42 of the Plaintiffs' Complaint.

26. That the Answering Defendant denies the allegations contained in numerical paragraphs 43, 44 and 45 of the Plaintiffs' Complaint.

27. That the Answering Defendant states that he saw the Plaintiff, Sizemore, waving something at him from the corner of his eyes and thought it might be a weapon, and he grabbed the same and denies the remaining allegations contained in numerical paragraph 46 of the Plaintiffs' Complaint.

28. That the Answering Defendant is without sufficient knowledge or information in which to admit the allegations contained in numerical paragraphs 47 and 48 of the Plaintiffs' Complaint but affirmatively states that after he realized that what he had seized from the Plaintiff, Sizemore, was a cellphone, he laid the phone down and Sizemore retrieved the same and denies the remaining allegations contained in numerical paragraphs 47 and 48 of the Plaintiffs' Complaint.

29. That the Answering Defendant denies the allegations contained in numerical paragraph 49 of the Plaintiffs' Complaint.

30. That the Answering Defendant is without sufficient knowledge or information in which to admit the allegations contained in numerical paragraphs 50 and 51 of the Plaintiffs' Complaint because he has not seen the video and therefore denies those allegations.

31. That the Answering Defendant denies the allegations contained in numerical paragraph 52 of the Plaintiffs' Complaint.

32. That the Answering Defendant admits the allegations contained in numerical paragraph 53 of the Plaintiffs' Complaint.

33. That the Answering Defendant states that initially he approached the Plaintiff, Fugate, to investigate an incident called into the 911 dispatch and the Plaintiff, Fugate, started fighting and therefore the Answering Defendant denies the allegations contained in numerical paragraphs 54, 55 and 56 of the Plaintiffs' Complaint which are inconsistent with the admissions contained herein.

34. That the Answering Defendant admits the allegations contained in numerical paragraph 57 of the Plaintiffs' Complaint.

35. That the Answering Defendant is without sufficient knowledge in which to admit Fugate's intention with regard to a sudden rise from a seated position other than his apparent attempt to start fighting and therefore the Answering Defendant denies the allegations contained in numerical paragraphs 58 and 59 of the Plaintiffs' Complaint which are inconsistent with the Defendant's admission herein.

36. That the Answering Defendant admits that when the Plaintiff, Fugate, jumped up from a seated position into the face of the Defendant, Williams, Williams pushed Fugate back down to a seated position to secure the Answering Defendant by touching Fugate's chest

and denies the remaining allegations contained in numerical paragraphs 60 and 61 of the Plaintiffs' Complaint.

37. That the Answering Defendant admits the allegations contained in numerical paragraph 62 of the Plaintiffs' Complaint.

38. That the Answering Defendant specifically denies the allegations contained in numerical paragraphs 63, 64, 65, 66, 67 and 68 of the Plaintiffs' Complaint.

39. That the Answering Defendant is without sufficient knowledge or information in which he can answer the allegations contained in numerical paragraph 69 of the Plaintiffs' Complaint because the term "passively resisting" is not defined and therefore the Answering Defendant denies those allegations contained in numerical paragraph 69 of the Plaintiffs' Complaint.

40. That the Answering Defendant is without sufficient knowledge or information in which to admit the allegations contained in numerical paragraphs 70, 71 and 72 of the Plaintiffs' Complaint and therefore denies the same at this time.

41. That the Answering Defendant denies the allegations contained in numerical paragraphs 73, 74, 75, 76, 77 and 78 of the Plaintiffs' Complaint.

42. That the Answering Defendant admits the allegations contained in numerical paragraph 79 of the Plaintiffs' Complaint.

43. That the Answering Defendant denies the allegations contained in numerical paragraphs 80, 81 and 82 of the Plaintiffs' Complaint.

44. That the Answering Defendant is unable to answer the allegations contained in numerical paragraphs 83 and 84 of the Plaintiffs' Complaint because the Plaintiffs fail to define the

term "passively resisting" and therefore denies the allegations contained in numerical paragraphs 83 and 84 at this time.

45. That the Answering Defendant admits the allegations contained in numerical paragraphs 85, 86, 87 and 88 of the Plaintiffs' Complaint.

46. That the Answering Defendant admits that as a reaction to a perceived threat, he took a cellphone out of the hand of Sizemore and specifically denies the remaining allegations contained in numerical paragraphs 89, 90, 91, 92 and 93 of the Plaintiffs' Complaint.

47. That the Answering Defendant admits the allegations contained in numerical paragraphs 94 and 95 of the Plaintiffs' Complaint.

48. That the Answering Defendant denies the allegations contained in numerical paragraph 96, 97 and 98 of the Plaintiffs' Complaint.

49. That the Answering Defendant admits the allegations contained in numerical paragraph 99 of the Plaintiffs' Complaint but states that the City of Hazard Police Department's written policy speaks for itself and is the best evidence of the same.

50. That the Answering Defendant does not recall specifically what he testified to under oath as it applies to his knowledge of the HPD manual but concedes that it would be impossible for the Answering Defendant or any other person to remember or recall every specific provision of the lengthy HPD manual without referencing the manual and denies any other allegation contained in numerical paragraphs 100, 101 and 102 which are inconsistent with this admission.

51. That the Answering Defendant denies the allegations contained in numerical paragraph 103, 104, 105, 106 and 107 of the Plaintiffs' Complaint.

52. That the Answering Defendant admits the allegations contained in numerical paragraphs 108 and 109 of the Plaintiffs' Complaint in the general sense.

53. That the Answering Defendant denies the allegations contained in numerical paragraphs 110, 111 and 112 of the Plaintiffs' Complaint.

54. That the Answering Defendant is without sufficient knowledge or information in which to admit the allegations contained in numerical paragraphs 113 and 114 of the Plaintiffs' Complaint and therefore denies the same at this time.

55. That the Answering Defendant specifically denies the allegations contained in numerical paragraph 115 and 116 of the Plaintiffs' Complaint.

56. That the Answering Defendant specifically denies the allegations contained in numerical paragraph 117, 118, 119, 120, 121, 122, 123, 124, 125 and 126 of the Plaintiffs' Complaint.

57. That the Answering Defendant admits generally the allegations contained in numerical paragraphs 127, 128 and 129 of the Plaintiffs' Complaint.

58. That the Answering Defendant specifically denies the allegations contained in numerical paragraphs 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143 and 144 of the Plaintiffs' Complaint.

59. That the Answering Defendant admits generally the allegations and duties set forth in numerical paragraphs 145, 146 and 147 of the Plaintiffs' Complaint.

60. That the Answering Defendant denies the allegations contained in numerical paragraphs 147, 148, 149, 150, 151, 152, 153, 154, 155, 156 and 157 of the Plaintiffs' Complaint.

## **FOURTEENTH DEFENSE**

1. That the provisions of Kentucky law which heretofore provide for the recovery of punitive or exemplary damages, whether under the doctrine of "jura rights" so called or any other theory of law, or preemptive barred and rendered null and void by the due process clause of the fourteenth amendment to the Constitution of the United States. Hence, no punitive or exemplary damages may be awarded.

2. That the provisions of law and practice which heretofore provide for recovery of punitive or exemplary damages violate the principles of due process and sufficiency of notice guaranteed by the due process clause of the fourteenth amendment to the Constitution of the United States and are thus null, void and unenforceable. Hence, no punitive damages may be awarded.

3. That the provisions of law and practice which heretofore provide for recovery of punitive or exemplary damages violate the principles of substantive due process guaranteed by the due process clause of the fourteenth amendment to the Constitution of the United States and are thus null, void and unenforceable. Hence, no punitive damages may be awarded.

4. That, in the alternative to the affirmative defenses set forth above, any procedure to be employed in addressing claims of punitive damages must conform to the principles of due process set out in State Farm Mutual Automobile Insurance Company v. Campbell, 538 SW 409, 123 S.CT. 1513, 203 U.S. Lexis 2713 (2003) and consistent with the Supreme Court's decision in Ford Motor Company v. The Estate of Tommy Smith, 203 U.S. Lexis 3679, and Ford Motor Company v. Romo 203 U.S. Lexis 3690. Applying these principles, no punitive damages may be awarded herein.

5. That, in the alternative to the affirmative defenses set forth above, in the event that substantial compensatory damages are awarded, pursuant to the eighth and fourteenth amendment to the Constitution of the United States, the amount of punitive or exemplary damages awarded may not be more than any amount equal to the compensatory damage award.

6. That the Plaintiffs' claim for punitive damages against these Answering Defendant should be dismissed because any award of punitive damages under the Kentucky law, which is not subject to a predetermined limit on the amount of punitive damages that a jury might impose, would violate this Answering Defendant's due process rights guaranteed by the Constitution of the Commonwealth of Kentucky and violate the excessive fine provision of Section 17 of the Constitution of the Commonwealth of Kentucky.

7. That the Plaintiffs' claim for punitive damages against the Answering Defendants should be dismissed as being a violation of the Constitution of the Commonwealth of Kentucky, including, but not limited to, Articles 2, 17 and 26.

**WHEREFORE**, the Defendant, Darren Williams, prays as follows:

1. That the Plaintiffs' Complaint be dismissed in whole or in part and they recover nothing thereby;
2. His costs herein expended;
3. A trial by jury on all issues so triable; and
4. All other relief to which it may appear entitled.

          Respectfully Submitted,

          <u>/s/ Russell H. Davis, Jr.</u>
          Russell H. Davis, Jr.
          Baird & Baird, P.S.C.
          P.O. Box 351
          Pikeville, KY  41502
          606-437-6276
          rdavis@bairdandbaird.com

**CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing Answer was this day duly mailed via email and/or U.S. mail to the following:

Hon. Joshua S. Harp
Hon. Rex Kilburn
Baughman Harp, PLLC
401 West Main Street, Suite 1
Frankfort, KY 40601
harp@harplawoffice.com
*Counsel for Plaintiffs, Billy*
*Gavin Fugate & Martha Sizemore*

Hon. Bridget L. Dunaway
Tooms, Dunaway & Webster, PLLC
1306 W 5th Street, Suite 200
London, KY 40743
bdunaway@toomsdunaway.com
*Counsel for Defendants, City of Hazard*
*dba Hazard Police Department and*
*Tyler Pigman, in his official capacity*

This 7th day of July, 2025.

          <u>/s/ Russell H. Davis, Jr.</u>
          Russell H. Davis, Jr.

Case: 6:25-cv-00055-KKC Doc #: 4 Filed: 07/07/25 Page: 15 of 15 - Page ID#: 50